IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT 13  A 8: 26

CLERK _____

DEXTER SHAW,

  Plaintiff,

vs.

CIVIL ACTION NO.: CV605-045

JAMES E. DONALD; ALLAN ADAMS;
RAYMOND HEAD; JOHNNY SIKES;
J. JOINER; HUGH SMITH; Lt. SANDRA
MOORE; LEWIS SMITH; GWEN
STRICKLAND; S. PAGNOTTI; SANCHE
JACKSON; REBECCA GEIGER;
DEBRA KIGHT; ERIC HEMPHILL;
W. NESBITT; PATSY NEIMS;
MICHAEL EVANS; DEXTER TAYLOR;
Officer JUDY WILSON, and
BUDDY McCALL,

  Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, was granted leave of the Court, by Order dated June 8, 2005, to proceed in forma pauperis in an action contesting the conditions of his confinement.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915.  28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C.A. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Shaw v. Thomas, CV692-082 (S.D. Ga. Aug. 5, 1992) (dismissed for failure to follow a Court order); (2) Shaw v. Smith, CV603-066 (S.D. Ga. Aug. 28, 2003) (dismissed as a sanction for lying about the existence of a previous strike and a previous federal case concerning the same facts); and (3) Shaw v. Smith, CV603-133 (S.D. Ga. April 26, 2005) (dismissed for failure to comply with a Court order).[1]

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes[2] under section 1915(g),

---

[1] Cases dismissed due to a plaintiff's "abuse" of "the judicial process" are considered strikes under § 1915(g). Rivera, 144 F.3d at 731.

[2] The undersigned notes that Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals in Case Number CV603-133. The Eleventh Circuit dismissed Plaintiff's appeal as being frivolous on September 29, 2005 (CV603-133, Doc. No. 82), which is obviously after the date the instant lawsuit was filed. It appears that Plaintiff's appeal being dismissed as frivolous is considered another strike, in addition to the strike he accumulated at the District Court level. While the Eleventh Circuit has not spoken directly to this issue, other courts have. See Goss v. Montford Unit, 31 Fed. Appx. 154, 154 (5th Cir. 2001)(unpublished) (finding that the district court's dismissal of the plaintiff's complaint as being frivolous and failing to state a claim and the dismissal of his appeal as frivolous each count as a strike under section 1915(g)); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996)(same); and Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (stating that the dismissal as frivolous the appeal of an action the district court dismissed under 28 U.S.C.A. § 1915(e)(2)(B) are both considered strikes).

2

Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that he has been subject to retaliation as a result of filing grievances and lawsuits. Plaintiff alleges that false disciplinary reports have been filed against him as a retaliatory measure. He asserts that his appeals of these disciplinary reports have been denied by various Defendants in bad faith. Plaintiff also asserts that he has been deprived of funds without being afforded due process protections. Plaintiff contends that he has been deprived of his liberty as guaranteed by the statewide grievance procedure. Plaintiff also contends that various Defendants imposed cell restrictions upon him, which resulted in him having no showers or physical exercise. Plaintiff details events which allegedly occurred from September 2003 until March 2005.

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on May 23, 2005. Accordingly, the Court **VACATES** its June 8, 2005, Order. Plaintiff's request to proceed in forma

3

pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $250.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 13th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)